A Superior Court jury convicted the defendant of assault and battery by means of a dangerous weapon (a knife).
 
 [2]
 
 On appeal, he claims prejudicial error in the trial judge's refusal to instruct the jury on self-defense. We affirm.
 

 Background
 
 . According to the testimony of the victim, the defendant attacked him with a knife, first striking him in the head with the knife and then stabbing him in the chest. The defendant testified that he confronted the victim and another person having an altercation outside his apartment, and that after he told the men to leave, the victim attacked him with the knife. Although the defendant stated that he grabbed the victim's wrist to defend himself from the knife attack, he made no claim that he then, in self-defense, struck or stabbed the victim with the knife. To the contrary, the defendant testified that he did not have any idea how the victim was injured that night.
 

 Discussion
 
 . "[A] self-defense instruction must be given when deadly force was used only if the evidence, viewed in the light most favorable to the defendant, permits at least a reasonable doubt that the defendant reasonably and actually believed that he was in 'imminent danger of death or serious bodily harm, from which he could save himself only by using deadly force.' "
 
 Commonwealth
 
 v.
 
 Pike
 
 ,
 
 428 Mass. 393
 
 , 396 (1998), quoting from
 
 Commonwealth
 
 v.
 
 Harrington
 
 ,
 
 379 Mass. 446
 
 , 450 (1980).
 
 [3]
 
 In this case, the defendant categorically denied attacking the victim with the knife, and he claimed that the victim must have been injured at some time other than his encounter with him. Had the jury credited the defendant's testimony, they would have had a basis for acquitting him. However, we agree with the judge that neither the defendant's testimony nor any other evidence supported a defense of self-defense. Hence, there was no error in the judge's refusal to instruct the jury on that defense. See
 
 Commonwealth
 
 v.
 
 Maguire
 
 ,
 
 375 Mass. 768
 
 , 772 (1978) (a self-defense "instruction need not be given where there was insufficient evidence to support a theory of self-defense"). See also
 
 Commonwealth
 
 v.
 
 Hakkila
 
 ,
 
 42 Mass. App. Ct. 129
 
 , 130 (1997) (no substantial risk of a miscarriage of justice occurred when the judge refused to give self-defense instruction where the defendant "flatly denied inflicting [the victim's] injuries").
 

 Judgment affirmed
 
 .
 

 The jury acquitted the defendant of assault and battery for the purpose of collecting a loan, and intimidation of a witness.
 

 The assault and battery charge against the defendant involved the use of deadly force. See
 
 Commonwealth
 
 v.
 
 Toon
 
 ,
 
 55 Mass. App. Ct. 642
 
 , 644 n.3 (2002) ("[U]se of a knife to stab [the victim] is the use of deadly force").